Christian, J.,
delivered the opinion of the court.
This is a writ of error to a judgment of the circuit court of Washington county, affirming a judgment of the *834 county court of said county, convicting the prisoner of arson, .and fixing the term of his imprisonment in the penitentiary at six years.
Several bills of exception were taken during the trial, hut they raise only two points which this court is called upon to decide. For while there was a motion to set aside the verdict and grant a new trial, which was overruled, it does not appear that this judgment of the court was excepted to by the prisoner, nor is there any certificate of all the facts proved, or of all the evidence hoard on the trial. The bills of exceptions state only so much of the evidence as was objected to as inadmissible.
The first question we.have to determine is, whether the court erred in overruling the demurrer to the indictment.
The prisoner was indicted under the 6th section of chapter 188, Code 1873, which provides that “if a person maliciously burn any building, the burning whereof is not punishable under any other section of this chapter, he shall, if the building with the property therein be of the value of one hundred dollars or more, be confined in the penitentiary not less than three nor more than ten years, and if it be of less value, be so confined not less than one nor more than three years; or, in the discretion of the jury, in jail not more than one year, and be fined not exceeding five hundred dollars.”
The indictment in this case charges that the prisoner “did feloniously and maliciously burn a certain barn and tjie property therein, said barn and the property therein being the property of one IT. TL Dulaney, and situated in said county, which said barn, with the property .therein, was then and there of the value of .$1,500.”
The ground alleged for the demurrer, as stated by the ■counsel for the petitioner, is, that “ the offence is not ■charged with sufficient certainty, there being no allega *835 tion that there was actually any property in said barn, .and the said property in said barn is not specified, or in .any way stated so as to give the petitioner any notice of what he was called upon to answer.”
The court is opinion that this objection is not well taken, and the court did not err in overruling the demurrer.
The indictment was framed nearly in the very language of the statute. The charge was that the accused did “ maliciously burn a barn, which, with the property therein, was of the value of $1,500.” The statute does not prescribe that the property in the barn shall be specified, nor its value, independent of that of the barn, shall he proved.
It only fixes the term of imprisonment according to the value of the building and property therein that is burned. All this is a matter of proof. If the building ■and property therein contained is of the value of one hundred dollars, then the punishment is by confinement in the penitentiaiy not less than three nor more than ten years; if both building and contents are of less value than one hundred dollars, then the punishment is for a term of not less than one nor more than three years, &c. The prisoner was not taken by surprise in any sense when he was called upon to answer the charge of having burned a barn of H. H. Dulaney, which barn, with the property contained therein, was of the value of $1,500. It was still his privilege to show, if he could, in order to reduce the punishment, that the value of the barn and •contents was less than $100, and it was legitimate for the Commonwealth to show that it was of a greater value than $100. All this was matter of evidence, and did not affect the sufficiency or validity of the indictment.
The next question we have to determine is, whether the court erred in admitting the confessions of the pri *836 soner offered by the Commonwealth in evidence. These confessions and the circumstances under which they were made are set out in two bills of exceptions, marked Ho. 2 and 3. In the first-named, as follows:
“The Commonwealth, to further maintain the issue on her part, asked the witness, H. H. Dulaney, if the defendant had told him anything about the burning of the bam above referred to, and the witness replied that he had stated in December after said burning, in the town of Goodson,--; the defendant approached witness and told witness that he had been wanting to talk to witness and defendant’s father, and the -, thinking he wanted to talk to him about the barn-burning, said to defendant to be certain not to implicate himself or apy one else that was not guilty, and that he (witness), without waiting to hear what defendant then had to say, procured one Hamlett, the sergeant of said town, to take prisoner in charge until he (witness) could procure a warrant for his arrest; that after witness returned the defendant,' in presence of witness, and a man whom said Hamlett had procured to guard the prisoner, told the witness that he (the defendant) and Jack Eoss went to the barn on the night of the burning, and that said Eoss struck a match and threw it on some straw and set the barn on fire; and that no notice or warning was given to the defendant at or before the making of said statement by witness or said guard. And the counsel for the prisoner thereupon objected to the introduction of said statement in evidence; and pending the ai’gument thereof ■ by defendant’s attorney, the witness, in answer to a question from the court to re-state his testimony, testified as follows: That Wolf told him that he and Jack Eoss went there on the night the barn was burnt to burn it, and that Eoss struck a match and threw it on the straw. And the defendant’s attorney insisted on his motion to exclude the whole of said statement; -which motion the *837 court overruled, and the defendant excepted. And to further maintain the issue, the attorney for the Commonwealth asked the said witness if defendant had at any time made any statement to him in regard to said burning, and if so, to state the time and circumstances under which said statements were made; and the said witness stated that after the finding of this indictment, and when the prisoner -was arrested, after having escaped from -, the witness accosted prisoner and said to him that he had been at liberty, had been loose, and that he had once told witness that he had taken paid in burning the barn (referring to conversation at Goodson, referred 'to above), and asked him if he yet said that he had helped to burn the barn. In answer to which the defendant said, Jack Eoss set fire to the barn, and that he (defendant) did not, but that he was there with him, and that he had denied setting the match to the barn, and that he would not own what he was not guilty of. After the said witness had detailed the said facts above, and before he gave the answer of defendant, the defendant, by attorney, objected to witness answering the question asked by the attorney for the Commonwealth as to what defendant then said; which objection the court overruled, and permitted the witness to answer the question as stated, and the defendant excepted.”
The court is of opinion that the confession contained in this bill of exceptions, under the circumstances under which it was given, was clearly admissible evidence, and that the court did not err in permitting it to go to the jury.
The confession in this case was riot made to one in authority, nor was it made in consequence of any threat made or promise held out to the prisoner. On the contrary, it was made to one not in authority, and so far from being made under threat or promise of reward, was voluntarily made to one who had a short time before said *838 to prisoner “ to be certain not to implicate himself or any one else that was not guilty.”
The rule upon this subject was laid down by this court in the case of Smith v. Commonwealth, 10 Gratt. 734. Judge Lee, in a very able and elaborate opinion, in which he reviewed many of the English and American authorities, says (page 739): “The rule which may be fairly deduced from authoritative decisions on the subject is, that a confession may be given in evidence unless it appear that it wms obtained from the party by some-inducement of a worldly or temporal character, in the nature of a threat or promise of benefit, held out to him in respect of his escape from the consequences of the offence or the mitigation of the punishment by a person; in authority, or with the apparent sanction of such a person.”
The doctrines of this case were reaffirmed and approved in the case of Thompson v. Commonwealth, 20 Gratt. 724.
The court is therefore of opinion, that the court did not err in admitting the confession of the prisoner as set forth in the second bill of exceptions.
"We come now to consider the third and last bill of exceptions. The confession set out in that is as follows:
“ The Commonwealth, further to maintain the issue on her part, introduced one W. M. Rutherford, and asked the said Rutherford if he wras present at the examination, of the defendant and Jack Ross before one Esquire Campbell; to which the witness replied that he was; and then asked the said witness if the defendant made any confession to or before said Magistrate Campbell; and upon objection being made by defendant’s counsel to the ansivering of said question, the court asked the witness to state the facts surrounding the said transaction, and the witness answered that he was unable to do so, and could not state anything that occurred, except that the *839 saicl magistrate asked a question, and tjie defendant answered it, and the court directed said Rutherford to stand aside, and called H. H. Dulaney to the stand, and told him to state the facts occurring at the time, and said witness stated that he was present at the trial until the time that Esquire Campbell was reading the warrant to the prisoners, and then went out of the room and was absent about three minutes, and when he returned the prisoners were just in the act of sitting dowm ; that previous to leaving the room, nothing had been said to the prisoners in relation to the charge against them, and that he did hear the prisoners asked if they were guilty or not guilty, and did not hear them reply; and thereupon the witness Rutherford was recalled, and stated that he was standing very close to the prisoners, and heard nothing said to them except the question of Esquire Campbell and their reply, and that said prisoners were standing up w'hen they replied to the question of Esquire Campbell, and that there was a large crowd in the room, and he was unable to state what occurred; and then the court, on consideration, overruled the objection of the defendant, and permitted said witness to answer said question, in ' answer to which the witness said that the said magistrate (Campbell) asked the said prisoners if they were guilty or not guilty, and that the defendant (Wolf) answered, ‘We are guilty;’ to which ruling of the court the defendant objected, and, to save the benefit thereof, filed this his bill of exceptions, which is signed, sealed, and made a part of the record.”
The question raised by this bill of exceptions differs from the one we have just been considering only in this : Here the confession was made to a person in authority; indeed, to the magistrate before whom the prisoner, together with one jointly charged with the same offence, was being examined. Hut in order to exclude a confession it is not sufficient, according to the rule laid down *840 in Smith’s case, supra, that the confession should be simply one made to a person in authority, it must also appear that the confession was made under inducement of a threat or promise of benefit. If made voluntarily to a person in authority, or even to one having the prisoner in custody, it is still admissible.
In 1 Whart. Am. Cr. Law, §§ 689, 690, where a large number of cases, English and American, are collected, it is said: “A confession made to an officer who has the prisoner in custody is admissible, provided it was not induced by improper means.” And a confession is admissible although it is elicited by questions put to a prisoner by a magistrate, constable or other person; provided, of course, it is not induced by any threat or promise of benefit. The cases referred to by Mr. "Wharton fully sustain the propositions laid down by him, and are settled by the great weight of authoritative decisions on the subject. See also Joy on Confessions, page 59 (marg.), section 7, and authorities cited in notes.
The evidence set forth in this bill of exception shows that the confession was induced by no improper means. The magistrate simply asks the prisoners, after reading the warrant to them: “Are you guilty or not guilty?” and Wolf, the prisoner whose case is now before us, answers, “We are guilty.” We think this evidence was properly admitted.
We are therefore of opinion upon the whole case, that there was no error in the judgment of the circuit court, and that the same be affirmed.
Judgment aeeirmed.